# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL RIVERA ANAYA,<br><br>                     Petitioner,<br>v.<br><br>R. CAMPOS, et. al.,<br><br>                     Respondents. | Case No.: 24cv29-JES (DDL)<br><br>**ORDER:**<br><br>**(1) DENYING PETITION FOR WRIT OF HABEAS CORPUS;**<br><br>**(2) DENYING AS MOOT MOTION TO PROCEED IN FORMA PAUPERIS; and**<br><br>**(3) DENYING AS MOOT MOTION FOR APPOINTMENT OF COUNSEL**<br><br>[ECF Nos. 1, 2, 6] |

Before the Court is Petitioner Daniel Rivera Anaya's Petition for Writ of Habeas Corpus, Motion for Leave to Proceed *in forma pauperis* ("IFP"), and motion for appointment of counsel. ECF Nos. 1, 2, 6. After due consideration and for the reasons below, the Court **DENIES** the petition, **DENIES AS MOOT** the motion to proceed IFP, and **DENIES AS MOOT** the motion to appoint counsel.

## I.    BACKGROUND

Petitioner is a federal pretrial detainee, who is currently detained in federal custody

while he awaits trial in his criminal case, *United States v. Rivera-Anaya*, Case No. 23cr1984-JES. ECF No. 1 at 2. Petitioner was arrested on September 11, 2023, as he attempted to enter the United States, and was charged with Attempted Reentry after Deportation, in violation of 8 U.S.C. § 1326. Case No. 23cr1984, ECF No. 1. He was indicted on September 26, 2023, and the Court set a motion hearing/trial setting hearing on October 23, 2023. Case No. 23cr1984, ECF Nos. 10, 12. Petitioner filed various pretrial motions in this criminal case (*see* Case No. 23cr1984, ECF Nos. 15-18), and after a continuance, the Court held a motion hearing on November 20, 2023. Case No. 23cr1984, ECF No. 25. At that hearing, the Court granted a continuance for the hearing date on the motions to January 22, 2024. *Id.* The case was subsequently assigned to the undersigned, and the hearing date reset to January 26, 2024. Case No. 23cr1984, ECF 28.

During the meantime, on January 3, 2024, Petitioner filed this civil case under 28 U.S.C. § 2241. ECF No. 1. He filed a concurrent motion to proceed *in forma pauperis*, and later filed a motion for appointment of counsel. ECF Nos. 2, 6. His petition raises three grounds for relief: (1) that his Miranda rights were violated during his arrest; (2) that his current pretrial detention violates his right to a speedy trial; and (3) that his indictment in his criminal case is fatally flawed. ECF No. 1. On May 17, 2024, the case was assigned from its previous judge to the undersigned. ECF No. 9. Three days later, on May 20, 2024, Petitioner filed a Notice of Appeal, arguing that this Court has been unresponsive to his petition. ECF No. 10.

As this petition for writ of habeas corpus remained pending, Petitioner's criminal case proceeded. On January 22, 2024, Petitioner was appointed new counsel, and he requested a continuance on motions hearing for new counsel to prepare the case. Case No. 23cr1984, ECF Nos. 34-35. The Court granted the continuance request and reset the hearing from January 26 to March 8. Case No. 23cr1984, ECF No. 36.

On March 8, 2024, the Court held the motions hearing. At that hearing, the Court set a further hearing date for motions *in limine* and a trial date. Case No. 23cr1984, ECF No. 37. Petitioner filed another continuance request, which the Court also granted. Case

No. 23cr1984, ECF Nos. 39-40. Petitioner then requested a competency hearing, which the Court held on April 26, 2024. Case No. 23cr1984, ECF Nos. 41-42. Petitioner subsequently filed a Notice of Insanity Defense on May 3, 2024. Case No. 23cr1984, ECF No. 43. On the same day, the Court issued an order for a psychiatric examination. Case No. 23cr1984, ECF No. 45. On May 24, 2024, the Court held a status hearing regarding the competency exam, issued a new order for a psychiatric examination, and vacated the motions *in limine* hearing date and trial date, and set a status hearing for August 9, 2024. Case No. 23cr1984, ECF Nos. 48-49.

## II.   DISCUSSION

Before addressing the merits of the petition, the Court must first address two threshold matters. First, the Court addresses the effect of Petitioner's Notice of Appeal and whether it retains jurisdiction to take any further action in this case at this time. Generally, the filing of a proper notice of appeal has jurisdictional significance because it divests the district court of control over the case and confers jurisdiction to the appellate court. *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982). However, "when there is a deficiency in the notice of appeal for whatever reason, however, the district court is not deprived of jurisdiction." *United States v. Garner*, 663 F.2d 834, 838 (9th Cir. 1981); *Ruby v. Sec'y of U. S. Navy*, 365 F.2d 385, 389 (9th Cir. 1966) ("Where the deficiency in a notice of appeal, by reason of untimeliness, lack of essential recitals, or reference to a non-appealable order, is clear to the district court, it may disregard the purported notice of appeal and proceed with the case, knowing that it has not been deprived of jurisdiction."). Here, this Court has taken no substantive action on the petition that resolves the petition on the merit. Thus, there is no question that Petitioner's appeal is premature and there is no appealable order that has been issued in this case yet. Thus, the Court maintains jurisdiction over the case.

Second, no response to the petition has yet been filed by Respondent. Nevertheless, the Court may screen Section 2241 habeas petitions because they are subject to the same screening requirements as Section 2254 habeas petitions. Rule 1(b) of the Rules

Governing Section 2254 cases states that a district court may apply those rules to any habeas petition. In turn, Rule 4 requires that a district court dismiss a petition without ordering a responsive pleading when "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." *Allen v. Villanueva*, No. 22cv6000-GW (GJS), 2023 WL 318439, at *1 (C.D. Cal. Jan. 18, 2023). Thus, this Court may properly address the merits of the petition at this juncture. *See Bostic v. Carlson*, 884 F.2d 1267, 1269 (9th Cir. 1989), *overruled on other grounds* by *Nettles v. Grounds*, 830 F.3d 922 (9th Cir. 2016) (no error found where district court addressed merits of § 2241 petition where respondents had not yet appeared).

Finally, the Court turns to the merits of the petition. Under 28 U.S.C. § 2241, district courts have jurisdiction to consider a habeas petition brought by a federal pretrial detainee and may grant a petition if the custody is "in violation of the Constitution or laws or treaties of the United States" 28 U.S.C. § 2241(c)(3); *see McNeely v. Blanas*, 336 F.3d 822, 824 (9th Cir. 2003). However, to be eligible for this relief, Petitioner is required to exhaust available remedies. *Jones v. Perkins*, 245 U.S. 390, 391-92 (1918); *Jenkins v. Noonan*, No. 20-CV-00921-H-LL, 2020 WL 2745234, at *1 (S.D. Cal. May 27, 2020).

Courts within this circuit, as well as other circuits, have consistently held that Section 2241 is not a proper vehicle for relief for federal prisoners awaiting trial. *Jenkins*, 2020 WL 2745234, at *1; *Mehmood v. Hollows*, No. 1:15-CV-01476-SAB-HC, 2015 WL 5915430, at *3 (E.D. Cal. Oct. 7, 2015). These courts reason that the Bail Reform Act of 1984 provides the proper avenue of relief for federal pretrial detainees seeking to challenge their detention. Under this Act, any "'judicial officer" may order the detention or release of a defendant pending trial." 18 U.S.C. § 3142. Section 3145 in turn provides the procedures for review and appeal of such orders. 18 U.S.C. § 3145(b)(" "If a person is ordered detained by a magistrate judge, or by a person other than a judge of a court having original jurisdiction over the offense and other than a Federal appellate court, the person may file, with the court having original jurisdiction over the offense, a motion for

revocation or amendment of the order. The motion shall be determined promptly."). In light of these provisions, courts have held that "[w]here a defendant is awaiting trial, the appropriate vehicle for violations of his constitutional rights are pretrial motions or the expedited appeal procedure provided by the Bail Reform Act, 18 U.S.C. § 3145(b), (c), and not a habeas corpus petition." *Jenkins*, 2020 WL 2745234, at *2 (quoting *Whitmer v. Levi*, 276 F. App'x 217, 219 (3d Cir. 2008)); *Reese v. Spaulding*, No. CV 18-11235-DJC, 2018 WL 3966319, at *1 (D. Mass. Aug. 9, 2018) ("[F]ederal courts have routinely held that a federal pretrial detainee challenging aspects of his pending criminal charges must seek relief in the criminal action, not in a habeas proceeding."); *see also Medina v. Choate*, 875 F.3d 1025, 1028 (10th Cir. 2017); *United States v. Pipito*, 861 F.2d 1006, 1009 (7th Cir. 1987); *Fassler v. United States*, 858 F.2d 1016, 1017-18 (5th Cir. 1988).

This is exactly the situation here—Petitioner is a federal pretrial detainee where his criminal trial remains pending in front of this Court. Each of the grounds for relief in his petition pertain to issues in his pending criminal trial. *See* ECF No. 1. Thus, it is clear that Petitioner is not entitled to relief in a habeas petition under Section 2241 at this time and the Court must **DENY** the petition. *Jenkins*, 2020 WL 2745234, at *2; *Mehmood*, 2015 WL 5915430, at *3.

### III.   CONCLUSION

Accordingly, the Court **DENIES** Petitioner's petition for writ of habeas corpus. Because the Court denies the petition on the merits, the Court also **DENIES AS MOOT** Petitioner's motion to proceed *in forma pauperis* and motion to appoint counsel. ECF Nos. 2, 6. The Court orders the Clerk of the Court to close this case.

**IT IS SO ORDERED.**

Dated:  May 31, 2024

Honorable James E. Simmons Jr.
United States District Judge